**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**DAVID SANDERS**                                                         **PETITIONER**

**V.**                                                         **NO. 1:16CV186-SA-DAS**

**MONROE COUNTY MISSISSIPPI and**
**STATE OF MISSISSIPPI**                                                         **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Mississippi inmate, David Sanders, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time barred, and despite having been afforded an opportunity to do so, Petitioner has failed to respond. For the reasons set forth below, Respondents' motion will be granted, and the instant petition will be dismissed as untimely filed under 28 U.S.C. § 2244(d).

### Facts and Procedural Background

Sanders pleaded guilty and was convicted of grand larceny in the Circuit Court of Monroe County on January 23, 2013.[1] Doc. #7-1. He was sentenced to ten years in the custody of the Mississippi Department of Corrections ("MDOC"), with credit for time served and the remainder of the sentence suspended with five years of post-release supervision. *Id.* On December 18, 2013, his suspended sentence was revoked for the following reasons: failure to live without violating the laws of the State of Mississippi; failure to pay court costs, fines, and restitution; and

---

[1] According to the Mississippi Department of Corrections' ("MDOC") website, Sanders is currently incarcerated pursuant to a variety of convictions but is only challenging his Monroe County grand larceny plea and conviction in the instant petition. *See* https://www.ms.gov/mdoc/inmate (search by "last name" and "first name") (last visited January 3, 2017).

failure to pay supervision fees.  Doc. #7-2.  As a result of the revocation, Sanders was sentenced to serve his original ten-year sentence in the custody of MDOC.  *Id.*

On or about October 14, 2016, Sanders filed the instant petition challenging his revocation and resulting sentence.  Doc. #1.  Respondents subsequently moved to dismiss the petition as untimely filed, and Petitioner has failed to respond to the motion.  This matter is ripe for review.

## Law and Analysis

The issue of whether Respondents' motion should be granted turns on 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

The Court finds that the exceptions of § 2244(d)(1)(B-D) are inapplicable in this case. Therefore, unless the limitations period is tolled, Sanders must have filed his federal habeas petition within one year of the date his conviction became final. § 2244(d)(1)(A). Because an order revoking a suspended sentence is not appealable, Sanders' sentence pursuant to his revocation became final on December 18, 2013 — the day he was revoked and sentenced. *See Griffin v. State*, 382 So. 2d 289, 290 (Miss. 1980). Therefore, absent any applicable tolling, Sanders' federal habeas petition was due on December 18, 2014.

Following his revocation, Sanders filed a "Motion for Post-Conviction Collateral Relief" in Monroe County Circuit Court Cause No. 2016-115, which he dated May 5, 2016. Doc. #7-3. On September 13, 2016, he filed an amendment to the post-conviction pleading. Doc. #7-4. Sanders' post-conviction motion was not resolved before Respondents' filed the instant motion. *See* Doc. #7-5. Accordingly, because Sanders' initial post-conviction pleading was dated after the expiration of the federal limitations period, his post-conviction pleading cannot toll the federal limitations period, and he is not entitled to statutory tolling for the pendency of this action.[2]

Sanders signed his federal habeas petition on October 10, 2016, and it was received in this Court on October 14, 2016. Doc. #1. Under the "mailbox rule," a petitioner's *pro se* petition for a writ of habeas corpus is deemed filed on the date it is delivered to prison officials for mailing. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999). Giving Sanders the

---

[2] The Court also notes that, inasmuch as Sanders' post-conviction motion is currently pending in the trial court, his federal habeas claims are unexhausted. *See* 28 U.S.C. § 2254(c) (finding exhaustion not complete if petitioner has right to raise question under state law by any available procedure).

benefit of the earlier filing date, the Court finds that the instant petition was still filed well beyond the December 18, 2014, deadline.

Even though Sanders has failed to meet any of the § 2244(d) exceptions to the one-year limitations period, the Court notes that the limitations period of the AEDPA may be equitably tolled if Sanders can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citations omitted). It is relief that is available only in "rare and exceptional circumstances," such as where a petitioner "is actively misled . . . about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). The Court finds that Sanders does not show "rare and exceptional circumstances" that would warrant equitable tolling in this case, and it determines that the instant petition is untimely.

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon entry of a final order adverse to the petitioner. Sanders must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which he may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court finds that a COA should be denied in this case.

## Conclusion

The Court finds that the instant petition is barred by the AEDPA's one-year statute of limitations. Therefore, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d)" [7] and **DISMISSES** Petitioner's petition with prejudice. A certificate of appealability is **DENIED**. A final judgment in accordance with this memorandum opinion and order will issue today.

**SO ORDERED** this the 4th day of January, 2017.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**